In re WEAVER.

(Supreme Court, Appellate Division, First Department.   May 29, 1913.)

1. JUDGMENT (§ 590*)—CONCLUSIVENESS.
    Where the merits of the issues in a proceeding in the Surrogate's Court were not involved in an action in the Supreme Court, the parties were not concluded by the judgment therein.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

2. JUDGMENT (§ 543*)—RES JUDICATA—CONCURRENT JURISDICTION.
    Since the.Supreme Court and the Surrogate's Court had. co-ordinate jurisdiction to settle an executor's account, the decree of that court which first assumed jurisdiction would bar another proceeding for the same purpose in the other court.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 988; Dec. Dig. § 543.*]

    Dowling, J., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of George Weaver, as executor of the last will and testament of Rueben H. Weaver, deceased.   From an order of the Surrogate's Court, denying a motion by Ethel D. Weaver to set aside a decree settling the account of George Weaver, as executor, the moving party appeals.   Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

A. Walker Otis, of New York City; for appellant.
Charles Blandy, of New York City, for respondent.

PER CURIAM. [1] The judgment entered in the action in this court wherein this appellant was plaintiff and this respondent was defendant established nothing more than that the *decree* of the surrogate, entered on the accounting of the respondent in the Surrogate's Court, was not *procured* by fraud, and so was good until set aside. The merits of the issues involved in the proceeding in which the surrogate's decree was made were not involved in the action in this court, and hence appellant, as to such issues, was not concluded by the judgment therein.

[2] Nor is this result affected by the fact that the Supreme Court had co-ordinate jurisdiction with the Surrogate's Court to settle the executor's account, inasmuch as the decree of that of the two courts which first assumed jurisdiction would be binding upon the other, and an effectual bar to a second action. Upon the merits of the order appealed from, we are not satisfied with the decision made by the learned surrogate. Without intending to express any opinion upon the facts as they may ultimately appear, we think there was sufficient in the moving papers to have induced the learned surrogate to grant appellant's motion to set aside the decree settling respondent's accounts, and to give appellant a day in court to prove whatever facts she can, justifying a resettling of such accounts.

The order should be reversed, with $10 costs and disbursements, the motion granted, and the proceedings remitted to the surrogate, to proceed in accordance with this opinion.

DOWLING. I.. dissents.